**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3377
_____

LARUE MCFADDEN, a/k/a Talli J. McFadden,
Appellant

v.

APPLE INC., Individually and Officially as a Corporation; JOANN, Unknown Apple
Employee; BEST, Unknown Apple Employee; CITY OF PHILADELPHIA; POLICE
OFFICER JASON REID, #4415; POLICE OFFICER TIMOTHY MURPHY, #4850;
POLICE OFFICER RYAN FLYNN, #2638; POLICE OFFICER BRIAN QUIRPLE,
#5989; PARTNER K9 BRIX, #K-568; POLICE OFFICER (SUPERVISOR) RICHARD
KURTH, #8323; POLICE OFFICER SERGEANT MORACE, H1B, Badge No.
Unknown; POLICE OFFICER ANGEL ORTIZ, Badge No. Unknown
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-03779)
District Judge: Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 23, 2019
Before: CHAGARES, BIBAS and GREENBERG, Circuit Judges

(Opinion filed: August 26, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Larue McFadden (aka Talli McFadden) appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  For the following reasons, we will affirm.

In August 2018, McFadden filed a civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and state law against Apple Inc., several of Apple's employees, the City of Philadelphia, and several police officers for the City of Philadelphia.  McFadden asserted claims related to his arrest and detention on October 31, 2013, when his car and cell phone were searched, and his car, cellphone, and cash were confiscated.  McFadden further alleged that, in August 2014, he encountered one of the arresting officers, who threatened him, confiscated his cell phone, and performed an illegal search of it.  The charges against McFadden stemming from the October 2013 arrest were subsequently nolle prossed.  During this time, FBI agents secured a search warrant for McFadden's cell phone records and contacted Apple in order to execute the warrant.  Apple later complied with the FBI's request and provided the results of the search on December 9, 2014.  McFadden was subsequently indicted for various federal drug crimes, to which he pleaded guilty.  Based on these events, McFadden claimed that he was subjected to the excessive use of force, assault, battery, unlawful arrest, unlawful search, malicious prosecution, and conspiracy, in violation of § 1983, § 1985, and various state laws.

On September 12, 2018, the District Court dismissed the complaint sua sponte for failure to state a claim, concluding that the complaint was filed beyond the statute of limitations and that amendment would be futile. The District Court additionally declined to exercise supplemental jurisdiction over McFadden's state law claims. McFadden appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of the complaint is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Initially, we note that on appeal, McFadden challenges only the District Court's dismissal of his claims against Apple, Inc. Since McFadden does not challenge the dismissal with respect to the remaining defendants, those arguments are waived. See Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying waiver doctrine to pro se appeal); Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993). We will therefore address the dismissal of McFadden's claims against Apple.

Section 1983 provides a cause of action to redress federal constitutional violations caused by officials acting under color of state law. Lugar v. Edmondson Oil Co., Inc.,

3

457 U.S. 922, 930–31 (1982). Here, McFadden alleges a deprivation of his constitutional rights by Apple, a private corporation not a state actor. Liability could attach if, as McFadden has alleged, Apple conspired with a state actor. See Dennis v. Sparks, 449 U.S. 24, 27–28 (1980). However, even when viewing the allegations as true, McFadden's allegations of a conspiracy involving Apple and the officers are insufficient to plausibly support any conspiracy. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) (citing D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992)). McFadden's complaint alleges nothing more than his dissatisfaction with Apple's decision to comply with the Government's warrant requiring the search of McFadden's phone. Thus, McFadden's § 1983 claim against Apple was properly dismissed.[1]

---

[1] On appeal, McFadden argues that the District Court erred in concluding that his claims against Apple were barred by the statute of limitations. He argues that: (1) his claims were timely because he was not aware of his injuries until November 3, 2016, when a special agent testified, at his preliminary hearing, that he received information from Apple that was taken from McFadden's confiscated phone; and alternatively, (2) he is entitled to a tolling of the limitations period under the continuing violations doctrine. However, because McFadden's claims against Apple fail for the reasons discussed above, we need not address the District Court's consideration of the statute of limitations.

In addition, we agree with the District Court that McFadden failed to state a § 1985 claim against Apple. Section 1985(3) provides a cause of action where a conspiracy, even by private actors, violates a plaintiff's federal rights. See Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). However, McFadden failed to plausibly allege that Apple's actions were motivated by any racial or invidious class-based discriminatory animus. See Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006). Therefore, the District Court's dismissal of this claim was proper.[2]

Finally, to the extent that McFadden asserted state law claims against Apple, in light of the dismissal of McFadden's claims under §1983 and § 1985, the District Court justifiably declined to exercise supplemental jurisdiction over his state law claims. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (holding that when federal claims are dismissed before trial, federal courts should not separately entertain pendent state claims).

---

[2] McFadden appears to additionally argue that his rights were violated by Apple and the defendant officers when the warrant to search his phone was executed outside of the time prescribed by Federal Rule of Criminal Procedure 41(e). To the extent that McFadden asserts this claim pursuant to § 1983 or § 1985, he has failed to state a claim for the reasons described above. However, we additionally note that McFadden's interpretation of Rule 41(e) is incorrect. McFadden argues that Rule 41(e)(2)(B) "prohibits off-site copying of media or review beyond 14 days." Appellant's Pro Se Informal Brief, at 9 (PDF page number). However, the plain language of Rule 41(e)(2) states that the warrant must be executed by the officer within 14 days of issuance; it later states that this time limit does not apply to "any later off-site copying or review."

To the extent that McFadden seeks in his November 26, 2018 filing to supplement the record on appeal, his request is denied.  We have, however, considered the arguments contained in that document.

Accordingly, we will affirm the judgment of the District Court.